UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICOLE M. McCONNELL,

        Plaintiff,

   v.                             **DECISION AND ORDER**
                                                                 19-CV-827S
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

    1.    Plaintiff Nicole McConnell brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her application for supplemental security income benefits under Title XVI of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

    2.    Plaintiff protectively filed her application with the Social Security Administration on March 30, 2016. Plaintiff alleged disability beginning March 22, 2015, due to hernia; obesity; obsessive-compulsive disorder; anxiety disorder; depressive disorder; bipolar disorder; post-traumatic stress disorder; and attention deficit hyperactivity disorder. Plaintiff's application was denied, and she thereafter requested a hearing before an administrative law judge ("ALJ").

    3.    On July 26, 2018, ALJ Patricia French held a video hearing at which Plaintiff—represented by counsel—and Vocational Expert Richard Hall appeared and testified. (R.[1] at 30-84.) At the time of the hearing, Plaintiff was 38 years old, she had a

---

[1] Citations to the underlying administrative record are designated as "R."

high school education and a GED, and last worked as a cashier (light exertion work) (R. at 23, 191; Docket No. 9-1, Pl. Memo. at 5).

4.  The ALJ considered the case *de novo* and, on October 3, 2018, issued a written decision denying Plaintiff's application for benefits.  After the Appeals Council denied Plaintiff's request to review the ALJ's decision, she filed the current action, challenging the Commissioner's final decision.[2]  (Docket No. 1.)

5.  Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket Nos. 9, 12.)  Plaintiff filed a response on March 5, 2020 (Docket No. 13), at which time this Court took the motions under advisement without oral argument.  For the reasons that follow, Plaintiff's motion is **granted**, and Defendant's motion is **denied**.

6.  A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[2] The ALJ's October 3, 2018, decision became the Commissioner's final decision on this matter when the Appeals Council denied Plaintiff's request for review.

2

7. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams *ex rel.* Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

8. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-142 (1987).

9. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If [s]he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits [her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider [her] disabled without considering vocational factors such as

> age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, [s]he has the residual functional capacity to perform [her] past work.  Finally, if the claimant is unable to perform [her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

      10.    Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, supra, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); see also Heckler v. Campbell, 461 U.S. 458, 460 (1983).

      11.    The ALJ analyzed Plaintiff's claim for benefits under the process set forth above.  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 30, 2016, her application date. (R. at 17.) At step two, the ALJ found that Plaintiff has the following severe impairment:  hernia; obesity; obsessive-compulsive disorder; anxiety disorder; depressive disorder; bipolar disorder; post-traumatic stress disorder; and attention deficit hyperactivity disorder.  Id. at 18.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets

4

or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.

12.  Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, except plaintiff can work in a "low stress" job defined as simple, routine, and repetitive tasks consistent with unskilled work.  Plaintiff should be expected to be off task up to 10% of the workday and will be absent from work no more than one-half day of work on an unscheduled basis.  Plaintiff should not interact with the public as part of her job duties, and she should be required to interact with co-workers and supervisors no more than occasionally.  (R. at 20.)

13.  At step four, the ALJ found Plaintiff is unable to perform any past relevant work as a cashier.  (R. at 23.)  At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, relying upon the opinion of vocational expert.  Richard Hall testified that a claimant similar to Plaintiff could perform such occupations as addresser, monitor, and document preparer, all sedentary positions.  (R. at 23-24.)  Accordingly, the ALJ found that Plaintiff is not disabled.  (R. at 24-25.)

14.  Plaintiff argues that the RFC determination is not supported by substantial evidence because (a) the RFC was the product of ALJ's lay assessment of Plaintiff's medical record (Docket No. 9-1, Pl. Memo. at 1, 16-23), and (b) the ALJ failed to evaluate Plaintiff's individual response to stress (id. at 1, 23-26).

15.  Defendant argues that the ALJ properly evaluated the mental opinion evidence of record (Docket No. 12-1, Def. Memo. at 6-9). Defendant also asserts the ALJ properly evaluated Plaintiff's ability to deal with stress (id. at 10).

16.    For the reasons that follow, the Plaintiff's argument is **adopted**.

17.    First, Plaintiff contends that the ALJ relied upon Plaintiff's treatment notes, evidence of improvement, lack of greater objective findings, and lack of medical opinion evidence (R. 22-23) in making findings incorporated in the RFC (Docket No. 9-1, Pl. Memo. at 16). Plaintiff argues that the ALJ did not reference 500 pages of treatment notes (Docket No. 9-1, Pl. Memo. at 16; R. 296-804 (Exhibits 3F and 4F); see Docket No. 13, Pl. Reply Memo. at 1-3). Plaintiff concludes that the ALJ relied upon her lay assessment of the medical record, not noting "the multitude of references denoting Plaintiff's need for treatment changes and additions and the persistence of symptoms despite treatment" (Docket No. 9-1, Pl. Memo. at 17). Plaintiff reported persistent symptoms of anxiety and depression despite treatment (id. at 18). In her Reply, Plaintiff argues that the ALJ gave "a handful of examples" from the medical opinions to support the ALJ's position, "yet failed to adequately weigh and discuss why she rejected a multitude of evidence which contradicted her RFC" (Docket No. 13, Pl. Reply at 2, citing R. at 257, 259, 296, 299, 595, 559, 578, 532, 512, 514, 500, 496-99, 487, 475, 466, 468, 625, 785-88, 781-84, 777, 773-76, 765-68, 757, 737-40, 725-28, 713-16, 709, 681, 677-80, 463, 434, 673, 661, 635, 656).

18.    Defendant responds that the ALJ properly evaluated the medical record, that Plaintiff had the burden to establish her disability and that the record supported that RFC finding (Docket No. 12-1, Def. Memo. at 9, 6-9). Defendant argues the ALJ acted within her discretion in resolving genuine conflicts in the record (id. at 7). The ALJ did not need to have a medical opinion that parallel her findings provided that those findings were consistent with the record as a whole (id. at 9).

19. Plaintiff replies that the complexity of her condition was beyond what the ALJ could decide based on common sense judgment about functional capacity (Docket No. 13, Pl. Reply at 2-3, citing Lilley v. Berryhill, 307 F. Supp. 3d 157, 161 (W.D.N.Y. 2018) (Larimer, J.); Dye v. Comm'r, 351 F. Supp. 3d 386, 392-93 (W.D.N.Y. 2019) (Wolford, J.).

20. The ALJ reviewed Plaintiff's mental health treatment record generally and found that she responded to psychotherapy and psychotropic medications (R. at 22) and from her less frequent visits supported "the notion that the symptoms have responded well to treatment" (R. at 22). The ALJ concludes that Plaintiff could perform work activity set forth in the RFC (id.). The ALJ weighed what is termed the only medical opinion of record, of Dr. Norma Panahon (R. at 625-28), and (after finding it vague and outside of the relevant period, for admission on September 18, 2014, prior to the March 2015 onset date) could be interpreted to support moderate limitations that the ALJ found was "somewhat consistent with the significant limitations set forth in the residual functional capacity" (R. at 22).

21. Some of the records Plaintiff now cites predate the March 2015 onset date (R. at 595, 578, 785, 788, 781-84, 773-76, 765-68).

22. The ALJ gave partial weight to state agency psychologist consultant, L. Hoffman, who found that there was an insufficient evidence to evaluate the claim (R. at 22, 90).

23. The remaining records are treatment notes of Plaintiff's symptoms from April 27, 2015 (R. at 559) and these records do not show sustained improvement (e.g., R. at 487, on March 2, 2017, Plaintiff reported has been overwhelmed and not handling

7

stress very well; R. at 661, on June 29, 2017, Plaintiff feels stressed from chaotic home environment; R. at 653-56, on August 10, 2017, Adderall was helpful, but Plaintiff remained noticeably distractible).  Plaintiff contends that the medical record was not in conflict and that the record showed she required continued treatment.  In three cited instances Plaintiff's treating sources noted improvement (R. at 534, 685, 634).  On July 28, 2015, Lydia Moore, Plaintiff's therapist, noted Plaintiff had "some improvement" from the prior year (R. at 534-35).  On January 5, 2017, treating physician Dr. Jesus Ligot then noted that Plaintiff reported that she was doing well in her mood (R. at 685).  Then, on March 15, 2018 (and not May 24 as dated by Defendant, cf. Docket No. 12-1, at 3), psychiatric nurse Gerald Turk observed that Plaintiff's medication was helpful (R. at 634).

24. This Court does not evaluate whether Plaintiff is disabled; that is for the ALJ to ascertain.  Any factual discrepancies in the record are for the ALJ to determine (Docket No. 12-1, Def. Memo. at 7).  The ALJ had substantial evidence in which to make that finding.

25. Next, Plaintiff argues that the ALJ failed to evaluate her responses to stress (Docket No. 9-1, Pl. Memo. at 23-26), complaining that the ALJ's generic evaluation was not substantially supported (id. at 23).  She asserts that the ALJ had to specifically inquire into her claim regarding ability to manage stress (id. at 25, quoting Booker v. Colvin, No. 14CV407, 2015 WL 4603958, at *3 (W.D.N.Y. July 30, 2015) (Skretny, J.); Stadler v. Barnhart, 464 F. Supp.2d 183, 188-89 (W.D.N.Y. 2006) (Larimer, J.).

26. Defendant responds that the ALJ had no affirmative obligation to secure evidence to establish disability (Docket No. 12-1, Def. Memo. at 10, Yuckert, supra, 482 U.S. at 149-50), that Plaintiff had the burden to produce evidence of her ability to

handle stress (id.). The ALJ gave Plaintiff's complaints the benefit of the doubt and included in the RFC that Plaintiff can perform low stress work (R. at 20; Docket No. 12-1, Def. Memo. at 10).

27. Plaintiff endured numerous traumas in her life (rape, the suicide of her first husband, death of family members (R. at 259, 296, 299; Docket No. 9-1, Pl. Memo. at 6)). Plaintiff cites reports that she could not handle stress (Docket No. 9-1, Pl. Memo. at 24; R. at 478, 721-24, 305, 598-99, 579, 549, 527, 503, 493-95, 481, 475, 477, 445, 761-64, 737-40, 733, 729-32, 693-96, 661,-64, 757-60, 749-52) and how she handled stress (R. at 305 (that Plaintiff had difficulty coping with stressors and would lash out); Docket No. 9-1, Pl. Memo. at 24). Plaintiff concedes, however, that there is no medical opinion in the record regarding how Plaintiff handled stress (Docket No. 9-1, Pl. Memo. at 24).

28. In Booker, this Court held that the ALJ is required "to specifically inquire and analyze a claimant's ability to manage stress," 2015 WL 4603958, at *3; Haymond v. Colvin, No. 11CV631, 2014 WL 2048172, at *8-9 (W.D.N.Y. May 19, 2014) (Telesca, J.), even if the ALJ concludes a claimant can perform "low-stress" jobs, Booker, supra, 2015 WL 4603958, at *3

29. On remand, the ALJ will address the medical record concerning Plaintiff's ability to handle stress and consider how those difficulties affect her ability to work. While Plaintiff has presented medical evidence of being under stress, the next step is determination of the impact of stress on her employability instead of giving Plaintiff's version the benefit of the doubt and setting a low stress condition in her RFC. The ALJ should review the record and seek medical opinion on Plaintiff's handling of stress and work. The ALJ's revised findings regarding Plaintiff's ability to handle stress in the

workplace should be included in any hypotheticals posed to the vocational expert, see Haymond, supra 2014 WL 2048172, at *9.  The occupations recommended also need to be assessed because they may involve little stress in general, they may "in fact, be stressful and beyond the capabilities of an individual with particular mental impairments," Welch v. Chater, 923 F. Supp. 17, 21 (W.D.N.Y. 1996) (Larimer, C.J.).

30.     After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision.  Plaintiff's Motion for Judgment on the Pleadings is therefore **granted**, and Defendant's Motion for Judgment on the Pleadings is **denied**.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this opinion.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:      August 13, 2020
            Buffalo, New York


                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge